IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JEFFREY ARRANT, RICHARD BLAKELY, REMIGIO CAMPIRANO, VERONICA LOPEZ, JOHN RAMON, BERNARD BUCK, PAUL CASTANEDA, GABRIEL WILLIAMS, RICARDO RODRIGUEZ, CISCO SOLEDAD,** § § § § § § § § § | | CA No. 5:20-cv-228 |
| | § | JURY DEMANDED |
| Plaintiffs, | § § | |
| v. | § § | |
| **PEVETOR COMPANIES, LTD d/b/a BRAKE CHECK,** | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### 1. SUMMARY

1.1. Defendant, Pevator Companies, Ltd., d/b/a Brake Check ("Defendant" or "Brake Check"), failed to pay Plaintiffs, Jeffrey Arrant, Richard Blakely, Remigio Campirano, Veronica Lopez, John Ramon, Bernard Buck, Paul Castaneda, Gabriel Williams, Ricardo Rodriguez, And Cisco Soledad ("Plaintiffs"), overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2 Plaintiffs are current and former employees of Defendant who work/worked as a Service Manager within the last three years.[1]

1.3 Defendant's pay practices and policies applied to each Plaintiffs.

---

[1] The Plaintiffs were previously part of a collective action. That lawsuit has been decertified. Therefore, Plaintiffs are asserting their right under the FLSA to bring individual lawsuits.

## 2. JURISDICTION

2.1.   This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1.   Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1.   Plaintiff Jeffrey Arrant lives in the Western District of Texas. Plaintiff Arrant worked for Defendant as a Service Manager from 2015 to 2016 at seven (7) of Defendant's store locations in San Antonio, Texas. He worked over 40 hours per week and often worked over 60 hours per work week as a Service Manager for Defendant.

4.2.   Plaintiff Richard Blakely lives in the Western District of Texas. Plaintiff Blakely worked for Defendant as a Service Manager from 2015 to 2016 at eight (8) of Defendant's store locations in San Antonio, Texas. He worked over 40 hours per week and often worked over 60 hours per work week as a Service Manager for Defendant.

4.3.   Plaintiff Remigio Campirano lives in the Western District of Texas. Plaintiff Campirano worked for Defendant as a Service Manager from 2015 to 2017 at five (5) of Defendant's store locations in San Antonio, Texas. He worked over 40 hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.4.   Plaintiff Veronica Lopez lives in the Western District of Texas. Plaintiff Lopez worked for Defendant as a Service Manager from 2016 to 2017 at two (2) of Defendant's store locations in San Antonio, Texas. She often worked over 40 hours per week and

sometimes worked as much as 60-70 hours per work week as a Service Manager for Defendant.

4.5. Plaintiff John Ramon lives in the Western District of Texas. Plaintiff Ramon worked for Defendant from 2014 to 2017 and worked as a Service Manager from 2016 to 2017 in San Antonio, Texas. He worked over 40 hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.6. Plaintiff Bernard Buck lives in the Western District of Texas. Plaintiff Buck worked for Defendant from 2016 to 2017 and worked as a Service Manager in 2017 in San Antonio, Texas. He worked over 40 hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.7. Plaintiff Paul Castaneda lives in the Western District of Texas. Plaintiff Castaneda worked for Defendant from 2013 to 2016 and worked as a Service Manager from 2015-2016 in San Antonio, Texas. He worked over 40 hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.8. Plaintiff Gabriel Williams lives in the Western District of Texas. Plaintiff Williams worked for Defendant from 2014 to 2016 and worked as a Service Manager from 2015-2016 in San Antonio, Texas. He worked over 40 hours per week, often worked 60-70 hours per work week, and one week during his tenure worked over 80 hours in one-week as a Service Manager for Defendant.

4.9. Plaintiff Ricardo Rodriguez lives in the Western District of Texas. Plaintiff Rodriguez worked for Defendant from 2015 to 2016 as a Service Manager in all of Defendant's locations at that time in San Antonio, Texas. He worked over 40 hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.10. Plaintiff Cisco Soledad lives in the Western District of Texas. Plaintiff Soledad worked for Defendant from 2016 to 2018 and worked as a Service Manager in 2018 at all of Defendant's locations at that time in San Antonio, Texas. He often worked over 40 hours per week as a Service Manager for Defendant.

4.11. Each Plaintiff was a Service Manager who worked for Defendant within the last three years and worked over forty (40) hours per work week.[2]

4.12. Defendant Brake Check is an employer qualified to do business in Texas. Defendant Brake Check is liable to each Plaintiff as an "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant Brake Check can be served by, serving its Registered Agent for Service of Process, David Peveto, 320 E. Nakoma Street, San Antonio, Texas 78216-2705.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiffs were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

---

[2] Each Plaintiff was previously an opt-in in a collective action case and their consents to join that suit were filed in 2018. When that case was decertified, the Court tolled the Plaintiffs statute of limitations to February 25, 2020 to allow for the filing of individual lawsuits for Plaintiffs who chose to purse an individual FLSA claim.

4

## 6. BACKGROUND FACTS

6.1  Defendant Brake Check is a chain automotive repair shop for brake service, oil changes and alignment.

6.2  Each Plaintiff worked as an employee or Service Manager for Defendant Brake Check. Each Plaintiff was wrongfully classified by Defendant as exempt from overtime compensation, however, were expected to work over forty (40) hours per work week.

6.3  Defendant is aware that Plaintiffs worked over forty hours per work week to meet Defendant's business needs. Also, Defendant has a record of the hours worked by Plaintiffs because they were required to clock in and clock out each day into a time keeping system. Plaintiffs would clock in and out using a computer in the shop where they worked.

6.4  Plaintiffs would input their actual time worked when they clocked in and out on Defendant's computer system. However, on Plaintiffs' pay stub, Defendant changed the hours worked to twelve (12) hours for the entire two-week pay period at a rate of $100.00 to equal $1,200.00 paid for each two-week pay period, no matter how many hours were actually worked. Plaintiffs worked six (6) days a week. Plaintiffs were not paid for all hours actually worked and did not receive overtime compensation.

6.5  Defendant dictates what hours Plaintiffs worked, provided the tools for them to do their jobs, told them what work they were required to complete and the specifications on how the work was to be completed. On most weeks during their employment over the last three (3) years Plaintiffs worked over forty (40) hours per week. The overtime hours Plaintiffs worked were necessary to meet the demands of the job. On average, Plaintiffs worked approximately 30-35 hours per week of overtime.

6.6 Defendant controlled all the conditions of Plaintiffs' employment. Defendant determined Plaintiffs' pay rate, the schedule they worked, and the policies and procedures Plaintiffs were required to follow.

6.7 Plaintiffs were supervised by and reported to the Store Director and/or the Corporate Director.

6.8 As Service Managers, Plaintiffs primary duties included but were not limited to, brake repairs, alignments, answering phones, ordering parts at the direction of the Store Director, and completing paperwork related to material ordered from vendors. Plaintiffs' also spent a large portion of time working on and repairing cars and trucks, the same functions performed by the Brake Check technicians.

6.9 Plaintiffs did not; (1) interview or select other employees; (2) set or adjust the rates of pay and hours of work of other employees; (3) appraise other employees' productivity and efficiency for the purpose of recommending promotions or other changes in their status; (4) handle employee complaints and grievances and/or discipline employees; (5) determine the techniques, policies or procedures to be used or followed by Defendant's employees; and/or (6) determine the types of materials, supplies, machinery, or tools to be used or merchandise to be bought, stocked, and sold.

6.10 In order to perform their job duties, Plaintiffs followed procedures that were outlined in Defendant's manuals and guidelines and/or learned during training. It is Plaintiffs' understanding that Defendant expects its Service Managers to follow the procedures and policies provided to complete their work.

6.11 Plaintiffs routinely received instructions as to what jobs were to be completed and how by their supervisor. Plaintiffs were not allowed to make unilateral decisions about the

tasks assigned or the manner in which such tasks were completed without the approval of their supervisor.

6.12   Plaintiffs did not have authority to hire or fire any of Defendant's employees and did not have authority to set pay.

6.13   As Service Managers, Plaintiffs regularly worked more than forty (40) hours per workweek.  None of the Plaintiffs had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiffs did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.14   Plaintiffs were subject to a single policy and pay plan that they were paid the same amount no matter how many hours they worked.  Defendant had a plan/policy in place which applied to Plaintiffs where they were misclassified as exempt and thus were not compensated for any hours worked over 40 hours per week.

6.15   Plaintiffs were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.16   Defendant improperly classified Plaintiffs as exempt from receiving overtime compensation.  Defendant was aware that Plaintiffs were working over forty (40) hours

per work week because Plaintiffs recorded the actual hours worked in Defendant's time keep system, clocking in and out each day worked.

6.17   Plaintiffs worked over forty hours per work week and Defendant failed to pay Plaintiffs overtime compensation. Plaintiffs were paid the same amount no matter how many hours they worked for Defendant.

## 7. CAUSE OF ACTION

7.1   Plaintiffs incorporate the allegations in the preceding paragraph as if fully set forth herein.

7.2   Plaintiffs bring this suit pursuant to 29 U.S.C. §216(b) as persons employed by Defendant as Service Managers within three (3) years from the filing of this suit who (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

7.3   Defendant misclassified Plaintiffs as exempt from receiving overtime compensation, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

7.4   Defendant's failure to pay overtime wages to Plaintiffs in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA.  Therefore, the three (3) years statute of limitations period applies to Plaintiffs' damages in this case.

7.5   Plaintiffs are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as

liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## 8. JURY DEMAND

8.1 Plaintiffs hereby demand a trial by jury.

## 9. PRAYER

9.1 Plaintiffs respectfully request that judgment be entered against Defendant, awarding each Plaintiff:

9.1.1 Unpaid wages for all hours work during the period specified herein.

9.1.2 Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

9.1.3 An equal amount of liquidated damages;

9.1.4 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

9.1.5 Order and grant such other relief as is proper and just.

    Respectfully Submitted,

    */s/ Gregg M. Rosenberg*
    Gregg M. Rosenberg
    USDC SD/TX No. 7325
    Texas State Bar ID 17268750
    gregg@rosenberglaw.com
    Tracey D. Lewis
    USDC SD/TX No. 212007
    Texas State Bar ID 24090230
    tracey@rosenberglaw.com
    ROSENBERG & SPROVACH
    3518 Travis Street, Suite 200
    Houston, Texas 77002
    (713) 960-8300
    (713) 621-6670 (Facsimile)
    Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH     ATTORNEYS FOR PLAINTIFFS